DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas in a dispute over the regulation of a public utility. Because we conclude that the trial court did not err in determining that appellees are not subject to local zoning regulations, we affirm.
On September 28, 1998, appellant, Plain Township Board of Trustees, filed a complaint for preliminary and permanent injunctive relief against appellee, Eric. L. Palmer ("Palmer").[1] Appellant sought to prevent appellee from constructing a building for the operation of a trucking business. Appellant alleged that appellee violated zoning resolutions by the non-conforming use of agriculturally zoned property located on Kramer Road in Plain Township. On September 29, 1998, the court denied appellant's request for a temporary restraining order.
On January 27, 1999, a trial was conducted for the purpose of determining whether appellee's business was a public utility and exempt from local zoning regulation. Also before the court was the issue of whether appellee was using the property as a non-conforming commercial use. Various witnesses, including Palmer, testified as to the operation of the trucking business and storage of equipment and supplies on the property. From this evidence and testimony, the trial court specifically found the following:
 "1. Defendants have established that Eric Palmer Trucking an Excavating qualifies as a public utility under the criteria established by AB Refuse.
 "2. Paragraph C Of R.C. 519.211 as amended is irrelevant to this case because Plain Township has not sought to implement the zoning authority it confers. Plain Township zoning regulations have an exemption for public utilities.
 "3. By stipulation at the temporary restraining order hearing, the parties agreed that the use of the buildings and land had substantially been accomplished by September 30, 1998, and because Plain Township has not implemented its zoning authority pursuant to R.C. 519.211(C) as amended, nonconforming use is not an issue in this case.
 "4. Plaintiff failed to establish by clear and convincing evidence that Defendants intend to use the property for purposes other than permitted by the zoning regulations and public utility exemption."
The court granted appellee the right to use the Kramer Road property only for public utility purposes (specifically including transportation for hire) or agricultural purposes in accordance with Plain Township Zoning Resolutions. The court further found that it considered the "storage of materials expected to be transported for Defendants' customers to be a part of Defendants' public utility activities."
Appellant now appeals that decision, setting forth the following two assignments of error:
"ASSIGNMENT OF ERROR NO. I
 "THE TRIAL COURT ERRED IN HOLDING THAT THE PLAIN TOWNSHIP ZONING RESOLUTION CONTINUED TO EXEMPT PUBLIC UTILITIES INCLUDING DEFENDANTS [SIC] TRANSPORTATION FOR HIRE BUSINESS AFTER THE PASSAGE OF O.R.C. 519.211(C).
"ASSIGNMENT OF ERROR NO. II
 "THE TRIAL COURT ERRED IN ALLOWING THE DEFENDANT TO STORE MATERIALS EXPECTED TO BE TRANSPORTED FOR DEFENDANT'S CUSTOMERS AS PART OF HIS PUBLIC UTILITY ACTIVITIES."
 I.
Appellant, in its first assignment of error, contends that the trial court erred in determining that the township zoning regulations continued to exempt public utilities from regulation. Appellant's contentions are without merit.
While R.C. 519.211(C) gives townships the authority to regulate public utilities, nothing in the statute requires them to do so. Appellant argues that the language of Article IV of the Plain Township Zoning Resolution which states "[i]n accordance with Section 519.21 of the Ohio Revised Code," automatically nullifies the exemption passed by the township. In our view, this language merely provides the statutory authority for the township resolution and does not limit or place conditions upon its validity or effectiveness.
Thus, the township's resolution, which plainly and specifically exempts the "use of land or buildings or any public utility or railroad whether publicly or privately owned, for the operation of its business" remained in effect when appellant filed its complaint on September 28, 1998. The trial court astutely articulated that point in its decision,
 "Despite being given the power to regulate public utilities engaged in the business of transportation for hire, Article IV of the Plain Township Zoning Resolution has not been amended since R.C. 519.211 was amended. Therefore, public utilities engaged in the business of transportation for hire remain exempt from Plain Township zoning regulation."
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in its second assignment of error, essentially argues that the trial court erred in determining that appellee was permitted to store materials that were to be hauled to its customers.
This court has previously determined that a trucking service that carries freight is a public utility. See PlainTownship Trustees v. Kania (Feb. 13, 1998), Wood App. No. WD-97-020, unreported, citing to A B Refuse Disposers, Inc. v.Bd. Of Ravenna Twp. Trustees (1992), 64 Ohio St.3d 385, 387-388. The "use" of property by a public utility has been defined as "the exercise, employment, or occupation of property" in the performance of its business. Marano v. Gibbs (1989), 45 Ohio St.3d 310,312. Contrary to appellant's contention, we can find no authority which prevents a public utility from storing materials on its property which are related to the operation of its business.[2]
In this case, nothing in the record indicates that appellee's storage of items is anything but a temporary storage, related to the transportation of such items. Thus, it is a use directly related to the operation of the public utility business. In addition, the testimony indicated that the intended storage of any farm equipment is related to the agricultural use of the property, also an acceptable zoning use. Consequently, we must defer to the trial court's findings of fact when supported by some competent, credible evidence. See Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. Therefore, we cannot say that the trial court erred in its determination that the storage of transported materials are a part of appellee's public utility activities.
Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ James R. Sherck, J.
Melvin L. Resnick, J., Mark L. Pietrykowski, J. CONCUR.
[1] Palmer's business, "Eric Palmer Trucking and Excavating" was also named as a party defendant and is an appellee in this case.
[2] We specifically note here that the cases cited by appellant in support of this proposition are either not on point factually or irrelevant to the storage issue in the present case.